"White, C. J.
We find no error in tbis case to the-prejudice of the plaintiff.
The question as to what are the rights of the holder of a. cheek for value, against the drawee or drawer, does not arise in this case. Many of the authorities cited by counsel for the plaintiff, relate to this question and need not here be considered.
The plaintiff claims as the payee of a check delivered, to her by the drawer, who intended thereby to transfer to-the plaintiff, by way of gift, the fund on which the check was drawn; and the question is whether before the payment or acceptance of the check by the drawee, the gift was executed.
It seems clear to us that until the check was either paid, or accepted the gift was incomplete; and that iu the absence of such payment or acceptance, the death of the drawer operated as a revocation of the check.
It is well settled that, in order to constitute a valid gift,, there must be a complete delivery of the subject of the gift, either actual or constructive.
The cheek in the present instance was a mere order or-authority to the payee to draw the money ; and being without consideration, it was subject to be countermanded or revoked while it remained unacted on in the hands of the payee.
This conclusion is fully supported by authority. Hewitt v. Kaye, L. R., 6 Eq., C. 198 ; The Second National Bank of Detroit v. Williams, 13 Mich. 282; 1 Parsons on Con; *235, *236; Bayles on Bills (6th Am. ed. by Sharswood), *25.

Leave refused.